**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2602-18T4

KATE ROMEO,

     Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE HIGH POINT REGIONAL
HIGH SCHOOL DISTRICT,
SUSSEX COUNTY,

     Respondent-Respondent.

_____

Submitted May 14, 2020 – Decided July 23, 2020

Before Judges Alvarez and DeAlmeida.

On appeal from the New Jersey Commissioner of Education, Docket No. 100-5/17.

Oxfeld Cohen, PC, attorneys for appellant (Sanford R. Oxfeld, of counsel; Jesse M. Humphries, on the briefs).

Methfessel & Werbel, attorneys for respondent Board of Education of the High Point Regional High School District (Brent R. Pohlman, of counsel and on the brief; Scott Ketterer, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Commissioner of Education (Jaclyn M. Frey, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Kate Romeo appeals from the January 29, 2019 final agency decision of the Commissioner, Department of Education (Commissioner) rejecting her challenge to the termination of her employment through a reduction in force. We affirm.

I.

The following facts are derived from the record. From 2008 to 2017, Romeo was employed by respondent Board of Education of the High Point Regional High School District (Board) as a student assistance coordinator (SAC). In the position of SAC, Romeo provided support to students and staff who were in crisis, counseled students with addiction issues, and participated in assessing student suicide risk. She held certificates as a SAC and as a teacher of psychology.

For the 2017-2018 school year, the Board instituted a reduction in force (RIF) due to a drop in enrollment and financial constraints. Romeo's SAC position was eliminated effective June 30, 2017. The Board reassigned Romeo's duties to several remaining staff members, none of whom worked exclusively as

a SAC. The work performed by those employees was within their respective certificates.

Romeo filed a petition of appeal with the Commissioner challenging her termination. She sought reinstatement and back pay, alleging the Board violated N.J.S.A. 18A:40A-18 when it reassigned her duties. She argued the statute requires that all SAC-related services be provided by an employee who serves only in the role of SAC. In addition, she argued she was entitled to reinstatement as a teacher of psychology because she provided instruction to students under her certificate to teach psychology during the 2011-2012 and 2012-2013 school years. She argued that reinstatement in a teaching position was required either because she obtained tenure as a teacher of psychology or because she had more seniority than another non-tenured teacher of psychology who remained after the RIF.

The Commissioner referred the matter to the Office of Administrative Law for a hearing. After taking testimony, Administrative Law Judge (ALJ) Ellen S. Bass issued a detailed written initial decision rejecting Romeo's claims. ALJ Bass concluded the Board instituted the RIF in accordance with N.J.S.A. 18A:28-9, which permits a board of education

> to reduce the number of teaching staff members, employed in the district whenever, in the judgment of

the board, it is advisable to abolish any such positions for reasons of economy or because of reduction in the number of pupils . . . or for other good cause . . . .

The ALJ noted that Romeo did not allege that the RIF was undertaken in bad faith or that the Board continued to employ a SAC with less seniority in the school district than Romeo. Rather, she argued that the Board's redistribution of her duties violated N.J.S.A. 18A:40A-18.

That statute, enacted in 1987 to establish a pilot project for the introduction of SAC services in local school districts, provides:

> [t]he Commissioner of Education, in consultation with the Commissioner of Health, shall develop and administer a program which provides for the employment of student assistance coordinators in certain school districts.
>
> a. [T]he Commissioner of Education shall forward to each local school board a request for a proposal for the employment of a student assistance coordinator. A board which wants to participate in the program shall submit a proposal to the commissioner which outlines the district's plan to provide substance abuse prevention, intervention, and treatment referral services to students through the employment of a student assistance coordinator. . . . In addition to all other State aid to which the local district is entitled under the provisions of . . . pertinent statutes, each board of education participating in the program shall receive from the State, for a three-year period, the amount necessary to pay the salary of its student assistance coordinator.

4

> b. The position of student assistance coordinator shall be separate and distinct from any other employment position in the district, including, but not limited to district guidance counselors, school social workers, and school psychologists.
>
> [N.J.S.A. 18A:40A-18.]

ALJ Bass concluded the Board is under no obligation to employ a SAC because "[t]he statute nowhere precludes a district from providing student-assistance services by using other properly certificated staff." The statute merely provides that if a district elected to participate in the 1987 pilot program, the position of SAC, which was to be funded by the State for three years, had to be separate and distinct from other employment positions.

The ALJ also found that Romeo was not entitled to reinstatement as a teacher of psychology. As the judge explained, "[t]he record reveals that [Romeo] did not deliver instruction to students using her instructional certificate during the" 2011-2012 and 2012-2013 school years. Instead, she provided "push-in" services one period per week in a self-contained, alternative, special-education program for students at risk of dropping out. Those services included life-skills instruction and transitional resources. The ALJ noted that offering a psychology class to students would have required a formal, approved curriculum, which Romeo did not have. Although Romeo argued that she

provided the students with instruction, she acknowledged that her work in the program was in an unstructured environment and that she was unaware of the individual education plans of any of the special-needs students in the program. ALJ Bass determined that "the work performed by Romeo in the alternative program was under her SAC certification and constituted group counseling rather than curriculum-based instruction in psychology."

Thus, ALJ Bass concluded, Romeo could not have earned tenure under her certificate to teach psychology. Moreover, the ALJ concluded, even assuming for the sake of argument that Romeo did teach psychology in the alternative program, "she simply did not serve long enough in that role to earn tenure." After being transferred from a teaching position to another position, tenure is obtained after "employment for two academic years in the new position together with employment in the new position at the beginning of the next succeeding academic year . . . ." See N.J.S.A. 18A:28-6(a)(2). Because Romeo was not in the alternative, special education program position at the start of the 2013-2014 school year, she could not have obtained tenure in that position. ALJ Bass, therefore, recommended that Romeo's petition be dismissed. Romeo filed exceptions to the ALJ's initial decision with the Commissioner.

6

The Commissioner adopted the ALJ's initial decision in full. The Commissioner explained, that "[a]s the ALJ found, the relevant statutory and regulatory provisions require school districts to provide prevention, intervention and treatment programs and services, but do not require all districts to employ a SAC." "The statutory language requiring that school districts employ a SAC, separate and distinct from other district positions, derived from an optional pilot program . . . to introduce SAC services to local school districts." Noting the economic reasons behind the RIF and the fact that the district employees performing Romeo's prior duties were doing so under their respective non-SAC certificates, the Commissioner concluded that "the Board's decision to abolish the petitioner's SAC position . . . and to reassign her duties to existing employees, was not a violation of the statutory and regulatory provisions" on which Romeo relies.

With respect to Romeo's second argument, the Commissioner stated that he was "in accord with the ALJ's determination that the petitioner has no right to reinstatement to a teacher of psychology position." The Commissioner explained that "the ALJ properly found that the work performed by the petitioner in the alternative program was actually under her SAC certificate and constituted group counseling rather than curriculum-based instruction in psychology."

A-2602-18T4

Moreover, the Commissioner concluded, "[e]ven assuming arguendo, that [Romeo] did work in the District under her psychology certificate, her argument that she has a right to a teacher of psychology position is completely inconsistent with the tenets of seniority." The Commissioner concluded "seniority rights are not triggered until tenure is acquired, and the petitioner admits that she does not have tenure as a teacher of psychology. Therefore, the petitioner has no right to reinstatement as a teacher of psychology."

This appeal followed. Romeo reiterates the arguments she made before the ALJ and Commissioner.

## II.

"Judicial review of agency determinations is limited." Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). In reviewing the agency's decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;

(2) whether the record contains substantial evidence to support the findings on which the agency based its action; and

(3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Ibid. (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

We "must be mindful of, and deferential to, the agency's expertise and superior knowledge of a particular field." Id. at 158 (quoting Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009)). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). "Deference to an agency decision is particularly appropriate where interpretation of the [a]gency's own regulation is in issue." R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting I.L. v. Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006)). "However, a reviewing court is 'in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" Allstars Auto Grp., 234 N.J. at

158 (alteration in original) (quoting Div. of Youth & Family Servs. v. T.B., 207 N.J. 294, 302 (2011)).

Having reviewed the record in light of these principles, we affirm the Commissioner's final agency decision for the reasons stated in his written decision adopting the comprehensive findings and analysis of ALJ Bass. There is sufficient credible evidence in the record as a whole supporting the Commissioner's determination that: (1) the Board implemented its RIF in accordance with law; (2) redistribution of Romeo's duties to other Board employees within their respective certificates was authorized by statute; and (3) Romeo did not have a statutory right to reinstatement to a position as a teacher of psychology. R. 2:11-3(e)(1)(D). We see no support in the law for Romeo's argument that a school district is required to employ a SAC dedicated only to meeting the district's statutory student services requirements.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2602-18T4